17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Ronald L. BODWELL; Betty Bodwell, Petitioners-Appellants,
 No. 93-15429.
 United States Court of Appeals, Ninth Circuit.
 Feb. 10, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald and Betty Bodwell appeal pro se the district court's dismissal of their action for lack of subject matter jurisdiction. The Bodwells sought a declaratory judgment pursuant to 28 U.S.C. Sec. 2201 and Sec. 2202 in order to establish that they are "sovereigns" and therefore "not bound to a statute under the term 'person' or 'any person.' " We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 The existence of subject matter jurisdiction is a question of law reviewed de novo. Kruso v. International Tel. & Tel., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Here, the district court found that it lacked jurisdiction over the action because the Bodwells had not established an "injury in fact" or a justiciable case or controversy. We agree. See e.g., Western Mining Council v. Watt, 643 F.2d 618, 623 (9th Cir.) (case or controversy requirement applies to actions under the Declaratory Judgments Act), cert. denied, 454 U.S. 1031 (1981). Accordingly, the district court did not err by dismissing the Bodwells' action for lack of jurisdiction. See id.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3